UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LATAVIS DEYONTA MACKROY,

    Petitioner,

v.                                                                                                      CASE NO. 6:16-cv-1065-Orl-31DCI
                                                                                                           (6:13-cr-306-Orl-31DCI)

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

This case involves a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion to Vacate," Doc. 1) filed by Latavis Deyonta Mackroy. Respondent filed a Response to the Motion to Vacate ("Response," Doc. 12) in compliance with this Court's instructions. Petitioner filed Replies to the Response ("Replies," Doc. Nos. 16, 17).

Petitioner asserts three grounds. For the following reasons, the Motion to Vacate is denied.

                              **I.     PROCEDURAL HISTORY**

Petitioner was charged by indictment with conspiracy to commit Hobbs Act robbery (Count One) in violation of 18 U.S.C. § 1951 and aiding and abetting in the use of a firearm during and in relation to Hobbs Act robbery (Count Two) in violation of 18

U.S.C. §§ 924(c)(1)(A)(ii) and 2. (Criminal Case No. 6:13-cr-306-Orl-31DCI, Doc. 32).[1] A jury found Petitioner guilty of both counts. (*Id.* at Doc. 121). The Court sentenced Petitioner to a 100-month term of imprisonment for Count One and to a consecutive 84-month term of imprisonment for Count Two. (*Id.* at Doc. 168). Petitioner appealed his conviction, and the Eleventh Circuit Court of Appeals affirmed. (*Id.* at Doc. 200).

## II.   LEGAL STANDARD

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume

---

[1]Criminal Case No. 6:13-cr-306-Orl-31DCI will be referred to as "Criminal Case."

> effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III. ANALYSIS

#### A. Ground One

Petitioner asserts counsel rendered ineffective assistance by failing to object to the total four level enhancement pursuant to U.S.S.G. §§ 2B3.1(b)(3)(A) and 2B3.1(b)(4)(B) respectively for bodily injury suffered by the victim and the physical restraint of one of the victims to facilitate the commission of the offense. (Doc. 1 at 3-5). According to Petitioner, there was no evidence that the victim suffered a significant injury or that any of the victims was forcibly restrained. (*Id.*)

Petitioner has not established either deficient performance or prejudice. Pursuant to U.S.S.G. § 2B3.1(b)(3)(A), the offense level is increased by two when a victim suffers a bodily injury. "'Bodily injury' means any significant injury; e.g., an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." U.S.S.G. § 1B1.1 cmt. n.1.(B). Victim Josh Lopez ("Lopez") testified at trial that he was hit in the back multiple times with a hammer by one of the perpetrators, identified as Petitioner. (Criminal Case Doc. 187 at 12, 18, 29.) Lopez said it felt as if he was being

stabbed when he was hit. (*Id.* at 12.) As a result of being hit with the hammer, Lopez was bruised badly and sought medical treatment to ensure he had not suffered any internal injuries. (*Id.* at 19-23.) From the evidence presented at trial, Lopez clearly suffered a bodily injury, *i.e.*, an injury that was painful and obvious and that ordinarily would require medical attention. Consequently, counsel had no basis to object to the bodily injury enhancement and a reasonable probability does not exist that the enhancement would not have been applied had counsel objected to it.

Likewise, a two level enhancement is warranted under U.S.S.G. § 2B3.1(b)(4)(B) when a victim was physically restrained to facilitate the commission of the robbery. "'Physically restrained' means the forcible restraint of the victim such as by being tied, bound, or locked up." U.S.S.G. § 1B1.1 cmt. n.1.(K). "'[T]he illustrations of physical restraint are listed by way of example rather than limitation.'" *United States v. Whatley*, 719 F.3d 1206, 1223 (11th Cir. 2013) (quoting *United States v. Jones*, 32 F.3d 1512, 1518 (11th Cir. 1994)). "'[A] defendant physically restrains his victims if he creates circumstances allowing the persons no alternative but compliance.'" *Id.* (quoting *Jones*, 32 F.3d at 1519). The Eleventh Circuit, therefore, has applied a two level enhancement when the victims of a robbery "were forced at gunpoint into the safe room and ordered to lie face down on the floor." *Jones*, 32 F.3d at 1519.

In the instant case, some of the victims testified that they were ordered to lie on the floor at gunpoint. (Criminal Case Doc. Nos. 186 at 105-07; 187 at 10-11.) In addition, Lopez testified that he was struck in the back when he failed to comply with the order quickly enough. (Criminal Case Doc. 187 at 10-11.) Therefore, sufficient evidence was

presented establishing that the victims were physically restrained in order to facilitate the robbery. Thus, counsel was not deficient for failing to object to this enhancement, and prejudice did not result from counsel's failure to do so. Accordingly, ground one is denied.

**B.      Ground Two**

Petitioner contends appellate counsel rendered ineffective assistance by failing to argue that the obstruction of justice enhancement was improperly applied. (Doc. 1 at 5-6.) In support of this ground, Petitioner argues that there was no evidence presented at sentencing that he lied during his plea hearing. (*Id*. at 6.)

Petitioner has not established deficient performance or prejudice. Pursuant to U.S.S.G. § 3C1.1, a two level enhancement is applied when "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction. . . ." Examples of obstruction of justice include "committing, suborning, or attempting to suborn perjury, including during the course of a civil proceeding if such perjury pertains to conduct that forms the basis of the offense of conviction[.]" U.S.S.G. § 3C1.1 cmt. n. 4(B).

This Court presided over Petitioner's aborted plea hearing. *See* Criminal Case Doc. 101. As noted by the Court at sentencing in overruling Petitioner's objection to the obstruction of justice enhancement, Petitioner denied his involvement in the offenses during the plea hearing. (Criminal Case Doc. 192 at 7-8.) Specifically, Petitioner maintained that he did not enter the pawn shop, only drove the car, and did not know

that his co-defendants planned to rob the store. (Criminal Case Doc. 101 at 18-19.) In addition, Petitioner told the Court that Linell Lowe, one of his co-defendants, was not involved in the offenses. (*Id.*) However, the evidence presented at trial refuted Petitioner's representations to the Court during the plea colloquy. Therefore, the obstruction of justice enhancement was warranted. Appellate counsel had no basis to argue that the enhancement was improperly applied, nor does a reasonable probability exist that the outcome of the appeal would have been different had counsel done so. Accordingly, ground two is denied.

**C.     Ground Three**

Petitioner asserts his § 924(c) conviction should be vacated because conspiracy to commit Hobbs Act robbery does not have an element of physical force. (Doc. 1 at 6-7.) Petitioner argues that conspiracy to commit Hobbs Act robbery no longer qualifies as a crime of violence under the residual clause of § 924(c) in light of *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), which held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." (*Id.*)

Petitioner's claim is without merit. The Eleventh Circuit has held that "*Johnson* does not apply to, or invalidate, the 'risk-of-force' clause in § 924(c)(3)(B)." *Ovalles v. United States*, 861 F.3d 1257, 1265-66 (11th Cir. 2017); *see also Mobley v. United States*, No. 17-10016, 2017 WL 3951713, at * 2 (11th Cir. Sept. 8, 2017) (holding that the appellant's challenge to his § 924(c) conviction, which was premised on conspiracy to commit Hobbs

Act robbery, was foreclosed by *Ovalles*). In light of Eleventh Circuit precedent, the Court concludes that Petitioner is not entitled to relief on this ground. Accordingly, ground three is denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows**:**

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DENIED** with prejudice, and this case is **DISMISSED**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:13-cr-306-Orl-31DCI and to terminate the motion (Criminal Case Doc. 207) pending in that case.

4. This Court should grant an application for certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE** and **ORDERED** in Orlando, Florida on October 23, 2017.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:
OrlP-1

Latavis Deyonta Mackroy
Counsel of Record