UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LATAVIS DEYONTA MACKROY,

    Petitioner,

v.                                                                    Case No: 6:16-cv-1065-Orl-31DCI
                                                                                         (6:13-cr-306-Orl-31DCI)

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This case is before the Court on Petitioner's Letter ("Letter") and Amendment to the 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence ("Amendment") (Doc. 29), the Government's Responses to the Amendment (Doc. Nos. 34, 36, 42), and Petitioner's Reply to the Responses (Doc. 45). On October 23, 2017, the Court denied Petitioner's 28 U.S.C. § 2255 Motion (Doc. 21), and Petitioner filed an appeal on November 13, 2017 (Doc. 23). On April 25, 2018, the Clerk of Court received Petitioner's Letter and Amendment (Doc. 29), in which Petitioner asserts four grounds for relief, two of which were not raised in the original § 2255 motion.[1] According to Petitioner's Letter, he delivered the Amendment to prison staff for mailing on October 20, 2016, and did not

---

[1] Petitioner asserts for the first time in the Amendment that trial and appellate counsel rendered ineffective assistance by failing to argue that conspiracy to commit Hobbs Act robbery does not constitute a crime of violence to support his conviction under § 924(c). (Doc. 29 at 4-6.)

realize until approximately April 13, 2018, that the Court had not received the Amendment. *See* Doc. 29 at 1.

The Eleventh Circuit Court of Appeals affirmed Petitioner's conviction on February 11, 2016. Petitioner then had ninety days, or through May 11, 2016, to petition the United States Supreme Court for writ of certiorari. *See* Sup. Ct. R. 13. Thus, the judgment of conviction became final on May 11, 2016. *Clay v. United States*, 537 U.S. 522, 525 (2003) ("[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."); *Kaufmann v. United States*, 282 F.3d 1336, 1339-40 (11th Cir. 2002) ("[A] 'judgment of conviction becomes final' within the meaning of § 2255 as follows: (1) if the prisoner files a timely petition for certiorari, the judgment becomes 'final' on the date on which the Supreme Court issues a decision on the merits or denies certiorari, or (2) the judgment becomes 'final' on the date on which the defendant's time for filing such a petition expires."). Petitioner, therefore, had through May 12, 2017, to file a § 2255 motion.

Petitioner timely filed his § 2255 motion on June 14, 2016. (Doc. 1). Petitioner's Amendment raising two new grounds was not received by the Court until April 25, 2018, after the expiration of the limitations period. Petitioner, however, maintains that it was filed on October 20, 2016, the date he purportedly delivered it to prison officials for mailing.

"'Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.'" *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (quoting *United States v. Glover* 686 F.3d 1203, 1205 (11th Cir.

2

2012)). Absent evidence to the contrary, courts must "assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Id*. (citing *Glover*, 686 F.3d at 1205). As explained by the Eleventh Circuit,

> A district court cannot negate the prison mailbox rule by finding a prisoner did not show diligence in following up on his filing if the prisoner actually gave the filing to prison authorities when it was dated. *Allen*, 471 F.3d at 1198. However, in deciding whether a filing was in fact ever delivered to prison authorities, a court can consider whether the prisoner exercised the diligence "expected of a reasonable person in his circumstances" in following up on a purported filing. *Id.*

*Jeffries*, 748 F.3d at 1315.

For the following reasons, the Court concludes that the Government has rebutted the presumption that Petitioner delivered his Amendment to prison officials for mailing on October 20, 2016. Although Petitioner's Amendment is dated October 20, 2016, Steven Verdejo, who is responsible for oversight of FCC Coleman's mailroom operations and mail management, attests that "[o]rdinarily all outgoing letter mail is processed and dispatched within 24 hours, excluding weekends and holidays." (Doc. 36-1 at 1-3.) Thus, pursuant to prison procedures, Petitioner's Amendment should have been mailed no later than October 21, 2016. The Amendment, however, was not received by the Court until April 25, 2018.

Moreover, the evidence before the Court demonstrates that Petitioner received the Government's December 12, 2016 Response to the 28 U.S.C. § 2255 Motion, which did not address the grounds raised in the Amendment. *See* Doc. Nos. 12, 15. Petitioner filed Replies to the Government's Response on February 7, 2017, and March 6, 2017, and never mentioned the Amendment, never addressed the new grounds raised in the Amendment,

nor mentioned the Government's failure to address the Amendment. *See* Doc. Nos. 16, 17. In addition, the Clerk of Court sent Petitioner copies of the docket sheet on April 20, 2017, June 15, 2017, and August 1, 2017, and Petitioner's Amendment is not reflected on the docket sheet. Nevertheless, Petitioner never apprised the Court of the missing Amendment until months after the Court ruled on his § 2255 Motion and after Petitioner appealed the Court's order.

Clearly, the Court did not address the new grounds raised in the Amendment in denying the 28 U.S.C. § 2255 Motion. *See* Doc. 21. Nor did Petitioner move for reconsideration or for a ruling on his Amendment prior to appealing the denial of the 28 U.S.C. § 2255 Motion on November 13, 2017. In addition, on approximately January 8, 2018, Petitioner for the first time filed a Notice of Inquiry with the Clerk of Court indicating that perhaps some of his legal documents had not been received or filed, asking if there was another docket sheet, and requesting copies of the "updated docket sheet(s)." *See* Doc. 28. Petitioner then waited until April 2018 to notify the Court of his "lost" Amendment even though the Clerk of Court responded to Petitioner's January 8, 2018 Notice of Inquiry by mailing him a copy of the docket sheet on January 17, 2018. *See* Doc. 28 (docket entry noting "copy of docket sheet mailed to Petitioner"). A reasonable person who had delivered an amendment to his § 2255 motion in 2016 would not have waited more than a year under these circumstances to follow up on the filing. Interestingly, the Court notes that Petitioner did not indicate the date he delivered his Letter to prison officials for mailing, but he dated the Letter April 13, 2018, four days before the Supreme Court issued *Sessions v. Dimaya*, 138 S. Ct. 1204, 200 L. Ed. 2d 549

4

(Apr. 17, 2018). Unsurprisingly, however, the Letter and Amendment were not received by the Clerk of Court until April 24, 2018, seven days after *Dimaya* issued. For all these reasons, the Court concludes that Petitioner's Amendment was not delivered to prison officials for mailing until April 2018, after the limitations period expired.

Federal Rule of Civil Procedure 15(c) "dictates that an amendment only relates back to the original pleading and causes an otherwise untimely claim to be considered timely when, . . . 'the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.'" *Farris v. United States*, 333 F. 3d 1211, 1215 (11th Cir. 2003) (quoting Fed. R. Civ. P. 15(c)(2)). The Eleventh Circuit has concluded:

> to relate back, an untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial or sentencing proceeding. The untimely filed claim must have arisen from the "same set of facts" as the timely filed claim, not from separate conduct or a separate occurrence in "both time and type."

*Farris*, 333 F.3d at 1215 (quoting *Davenport v. United States*, 217 F. 3d 1341, 1343 n.4 (11th Cir. 2000)).

Petitioner's claims of ineffective assistance of trial and appellate counsel raised in the Amendment arise from separate conduct from the grounds raised in the original § 2255 motion. Consequently, the new grounds raised in Petitioner's Amendment are denied as untimely. The remaining grounds raised in Petitioner's Amendment are denied on the merits for the reasons set forth *infra* and in the Order denying the § 2255 Motion.

Alternatively, all the grounds raised in Petitioner's Amendment are denied on the merits. At the time of Petitioner's trial, *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015)

had not issued invalidating the residual clause of the Armed Career Criminal Act nor had the Eleventh Circuit held that conspiracy to commit Hobbs Act robbery was not a crime of violence. Trial counsel, therefore, had no reason to argue that conspiracy to commit Hobbs Act robbery was not a crime of violence per se. Likewise, appellate counsel had no reason to raise the unpreserved issue.

Moreover, the Eleventh Circuit has held that the Supreme Court's decisions in *Johnson* and *Dimaya* did not invalidate § 924(c)'s residual clause. *Ovalles v. United States*, 905 F.3d 1231, 1252-53 (11th Cir. 2018). Instead, courts must apply a conduct-based approach, "that accounts for the actual, real-world facts of the companion offense's commission," versus a categorical approach, in considereing § 924(c)'s residual clause. *Herrera v. United States*, 752 F. App'x 944, 946 (11th Cir. 2019) (citing *Ovalles*, 905 F.3d at 1253).

Applying the conduct-based approach, the evidence presented at trial establishes that Petitioner committed a crime of violence. Victim Josh Lopez ("Lopez") testified at trial that during the robbery, he was hit in the back multiple times with a hammer by one of the perpetrators, identified as Petitioner. (Criminal Case Doc. 187 at 12-14, 18, 29.) In addition, some of the victims testified that they were ordered to lie on the floor at gunpoint, and one of the perpetrators threatened that if the safe was not opened, someone was going to get killed. (Criminal Case Doc. Nos. 186 at 105-07; 187 at 10-14.) Therefore, Petitioner has not established that a reasonable probability exists that the outcome of the proceedings would have been different had trial or appellate counsel argued that conspiracy to commit Hobbs Act robbery was not a crime of violence. *See, e.g., McKnight*

*v. United States*, 753 F. App'x 873, 874–75 (11th Cir. 2019) (concluding the conspiracy to commit Hobbs Act robbery was a crime of violence under the conduct-based approach). Consequently, the issues raised in the Amendment are denied as untimely and on the merits.

Accordingly, it is **ORDERED** as follows:

1. Petitioner's Amendment (Doc. 29) is **DENIED**.

2. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a Certificate of Appealability is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on May 2, 2019.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:
OrlP-1
Counsel of Record
Unrepresented Party